J-S44036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LORENZO WHITAKER, | : | |
| | : | |
| Appellant | : | No. 2720 EDA 2015 |

Appeal from the Judgment of Sentence July 31, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0006993-2014;
CP-51-CR-0006995-2014; CP-51-CR-0006996-2014;
CP-51-CR-0006998-2014; CP-51-CR-0007000-2014

BEFORE: BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:         **FILED AUGUST 15, 2017**

Lorenzo Whitaker ("Whitaker") appeals from the judgment of sentence imposed following his convictions of four counts each of burglary, criminal trespass, criminal mischief and possessing instruments of crime, three counts of criminal attempt, two counts each of theft by unlawful taking and receiving stolen property, and one count of unauthorized use of a vehicle.[1] We affirm.

In its Opinion, the trial court set forth the relevant facts underlying this appeal as follows:

> [Whitaker] perpetrated a series of commercial burglaries in 2013. Both direct and circumstantial evidence identified [Whitaker] as the perpetrator. On July 3, 2013, owners of the Stop and Shop at 2050 Dickinson Street [in Philadelphia] were

---

[1] **See** 18 Pa.C.S.A. §§ 3502(a)(3), (4); 3503(a)(1)(ii); 3304(a)(2); 907(a); 901(a); 3921(a); 3925(a); 3928(a).

alerted to a burglary at their store. The owners discovered holes cut in the ceiling and roof[,] and $12,000 missing from the ATM. On December 8, 2013, a similar burglary occurred at Point Save Supermarket at 1245 Point Breeze Avenue. [Whitaker] had gained access to the store through the ceiling and had broken into the ATM. Video surveillance showed a masked person wearing a headlamp and gray-striped shirt descend into the store on a rope through a hole in the ceiling. Video [surveillance] further showed [Whitaker] taking money and cigarettes before leaving through the roof. The crime scene was processed and the broken[-]off tip of a screwdriver was found in the store's ATM.

On December 12, 2013, five days after the Point Save Supermarket burglary, [Whitaker] was stopped in a U-Haul truck in front of 3801 Kensington Avenue. [Whitaker] was unable to produce a rental agreement for the U-Haul[, and Whitaker was arrested]. Police searched the U-Haul on December 13, 2013, and recovered a gray-striped shirt, headlamp, screwdriver with broken tip, two black knit hats, white dust masks, a pickax, and a disposable camera. On the camera were photographs of large of amounts of United States currency [sprawled] across the floor at someone's feet. Also in the U-Haul was a Home Depot receipt for a camera, rope, a crowbar, electrical tape, a utility knife, and a screwdriver. Much of what was found in the U-Haul matched items seen on the video surveillance footage of the Point Save Supermarket burglary.

On December 19, 2013, an employee came to open the Point Breakfast at 1438 Point Breeze Avenue when he noticed lights moving around on the ATM and a person inside. Police responded, but the perpetrator was gone. Police [] recover[ed] a rope and noted a hole in the ceiling as well as pry marks on the ATM.

Finally, on December 25, 2013, [Whitaker] was caught hiding behind the deli counter at the Stop and Shop at 2050 Dickinson—the same location as the burglary on July 3, 2013. There was a hole in the ceiling and damage to the ATM. Recovered amongst a bag of tools was a screwdriver with a broken tip—an exact match to the broken tip found at 1245 Point Breeze Avenue.

Trial Court Opinion, 7/19/16, at 2-3 (citations and quotation marks omitted).

Following a bench trial, Whitaker was convicted of the above-mentioned crimes. The trial court sentenced Whitaker to an aggregate term of 7 to 14 years in prison, with credit for time served, followed by 5 years of probation. Whitaker filed a timely Notice of Appeal. The trial court ordered Whitaker to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. In lieu of filing a concise statement, Whitaker's appointed appellate counsel filed a Statement of her intention to file an **_Anders_**[2] brief. The trial court subsequently allowed counsel to withdraw, and appointed Whitaker new counsel, who filed a Concise Statement on Whitaker's behalf.[3]

On appeal, Whitaker raises the following questions for our review:

1. [Whether] the [trial] court committed error prior to trial when it incorrectly informed [Whitaker] that his maximum [possible] term of prison was 185 years, as opposed to 267 years[?]

2. [Whether] there was insufficient evidence and/or the weight of the evidence was not strong enough to find [Whitaker] guilty of any of the burglary counts, aside from the [] transcript which was associated with the Stop and Shop located at 2050 Dick[i]nson Street on [December 25, 2013?]

Brief for Appellant at 6.

---

[2] **_Anders v. California_**, 386 U.S. 738, 744 (1967).

[3] We note Whitaker's failure to include in his brief a copy of his Concise Statement of errors complained of on appeal, as required by Pa.R.A.P. 2111(11). We also note that a copy of the Concise Statement does not appear in the certified record. However, we will nevertheless address Whitaker's issues, as the supplemental record filed in this Court on November 16, 2016, includes the trial court's Order indicating it received Whitaker's Concise Statement.

In his first claim, Whitaker asserts that the trial court erred by incorrectly informing Whitaker prior to trial that the maximum potential penalty for his crimes was 185 years, as opposed to 267 years. *Id.* at 14. Whitaker argues that "the error still had a prejudicial effect on [him] because he entered into a trial without the proper understanding for his exposure should he be found guilty." *Id.*

In his three-paragraph argument, Whitaker cites only to case law that is not relevant to his claim, and fails to include pertinent discussion, beyond a bald assertion of prejudice, regarding his claim. Because Whitaker failed to adequately develop his claim, it is waived. *See* Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); *see also Commonwealth v. McMullen*, 745 A.2d 683, 689 (Pa. Super. 2000) (stating that "[w]hen the appellant fails to adequately develop his argument, meaningful appellate review is not possible." (citation omitted)). Moreover, Whitaker, who faced a maximum potential sentence far exceeding a life sentence according to the trial court's calculations, does not assert that he would have opted for a jury trial if he had been informed of the potential for an even higher penalty. *See Commonwealth v. Houck*, 948 A.2d 780, 788 (Pa. 2008) (stating that "if a defendant seeks to invalidate an otherwise valid jury waiver based on a trial court's recitation of his or her potential sentence, the defendant should be required to demonstrate that his or her understanding of the length of

the potential sentence was a material factor in making the decision to waive a jury trial."); *see also id.* (stating that "it is the defendant's burden, and not the Commonwealth's, to establish that a jury waiver is invalid."). Thus, Whitaker is not entitled to relief on his first claim.

In his second claim, Whitaker contends that there was insufficient evidence to support his burglary convictions, "aside from the [] transcript which was associated with the Stop and Shop…." Brief for Appellant at 14. Whitaker argues that although the burglaries were similar, there is nothing distinctive about breaking into an ATM machine. *Id.* at 15. Whitaker further contends that the screwdriver used in the burglaries was not distinctive, and "the plan of cutting a hole into the roof has been used many times before in the Philadelphia area and is not so distinct to be classified as a signature crime." *Id.* Whitaker also claims that the verdict was against the weight of the evidence. *Id.* at 14.

Here, Whitaker fails to set forth the elements of burglary, or to identify the elements the Commonwealth failed to establish. Additionally, Whitaker's very brief argument, and the two cases he cites in support thereof, relates to the admissibility of evidence that another individual committed a similar crime at about the same time, rather than to the sufficiency or weight of the

evidence.  Accordingly, Whitaker's second claim is waived.[4]  **See** Pa.R.A.P. 2119(a); **see also Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009) (concluding that appellant waived challenge to the sufficiency of the evidence where he failed to set forth the elements of the crimes he was convicted of, identify which elements were not met, or cite to legal authority).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2017

---

[4] Moreover, Whitaker failed to raise a challenge to the weight of the evidence with the trial court before sentencing, or in a post-sentence motion.  **See** Pa.R.Crim.P. 607; **see also Commonwealth v. Sherwood**, 982 A.2d 483, 495 (Pa. 2009) (holding that the appellant waived his weight of the evidence claim by not raising it before the trial court).